**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1094**

DEBORAH SZYMECKI,

        Plaintiff – Appellant,

    and

CHESTER SZYMECKI,

        Plaintiff,

    v.

ASHLEY HOUCK,

        Defendant – Appellee,

    and

THE CITY OF NORFOLK,

        Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:08-cv-00142-HCM-TEM)

Submitted: September 22, 2009    Decided: November 24, 2009

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen Merrill, GHENT LAW OFFICES, Norfolk, Virginia, for Appellant. Edward A. Fiorella, Jr., FRAIM AND FIORELLA, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Szymecki appeals the district court's order granting summary judgment in favor of the Defendant based on qualified immunity and dismissing Szymecki's 42 U.S.C. § 1983 (2006) complaint in which she alleged violations of her First Amendment rights. Finding no error, we affirm.

This court reviews de novo a district court's order granting summary judgment. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). "Qualified immunity protects government officials from civil damages in a § 1983 action insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Edwards v. City of Goldsboro, 178 F.3d 231, 250 (4th Cir. 1999) (internal quotation marks and citation omitted). In determining whether a defendant is entitled to qualified immunity, a court must decide (1) whether there has been a violation of a constitutional right and (2) whether that right was clearly established at the time of the alleged misconduct. Walker v. Prince George's County, 575 F.3d 426, 429 (4th Cir. 2009) (citing Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009)). However, "judges of the district courts and the courts of appeals [are] permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed

3

first in light of the circumstances in the particular case at hand." Pearson, 129 S. Ct. at 818.

In determining whether there has been a violation of a constitutional right, the court should identify the right "at a high level of particularity." Edwards, 178 F.3d at 251 (citations omitted). To decide whether that right was clearly established, "courts in this circuit [ordinarily] need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose . . . ." Id. (internal quotation marks and citation omitted). Accordingly, if the right is recognized in another circuit and not in this circuit, the "official will ordinarily retain the immunity defense." Id. Moreover, the contours of the constitutional right "must be sufficiently clear that a reasonable official would understand what [she] is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (citation omitted).

Here, the district court concluded that Szymecki's asserted First Amendment right to record police activities on public property was not clearly established in this circuit at the time of the alleged conduct. We have thoroughly reviewed the record and the relevant legal authorities and we agree. Accordingly, we affirm the order of the district court.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED